# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| LINKS OF LONDON, INC. | Case No. 18-12365 (CSS) |
| Debtor. | **Hearing Date: November 20, 2018 at 1:00 p.m.**<br>**Objection Deadline: November 9, 2018 at 4:00 p.m.** |

**OMNIBUS MOTION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 365, AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007 AUTHORIZING (I) THE REJECTION OF CERTAIN UNEXPIRED LEASES OF REAL PROPERTY *NUNC PRO TUNC* TO THE PETITION DATE AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

David W. Carickhoff, chapter 7 trustee ("Trustee") for the estate of Links of London, Inc. (the "Debtor"), hereby moves the Court (the "Motion"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order, substantially in the form attached hereto (the "Proposed Order"), authorizing the Trustee to (i) reject certain unexpired leases of real property *nunc pro tunc* to the Petition Date and (ii) abandon certain personal property, including furniture, fixtures, and equipment located at the premises associated with the rejected leases. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief sought herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

**BACKGROUND**

2. On October 18, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. David W. Carickhoff has been appointed as Chapter 7 Trustee.

4. The section 341 meeting of creditors is scheduled to be held on November 16, 2018.

5. Prior to the Petition Date, the Debtor was engaged in the business of selling Links of London® brand jewelry and accessories in the United States.[1] The Debtor's corporate headquarters was located in New York City (the "Headquarters"). The Debtor sold its product via various brick and mortar stores located throughout New York City and Las Vegas (the "Stores") and from kiosks located in certain Bloomingdale's department stores (the "Kiosks").

6. The Debtor, as lessee, is a counterparty to various unexpired leases of non-residential real property (the "Real Property") identified on **Exhibit A** hereto (the "Leases"). The Leases relate to the Debtor's Stores and Headquarters. The terms of the Debtor's use of the Kiosks is subject to a license agreement with Bloomingdale's (the "License Agreement").

7. The Trustee has been advised that prior to Petition Date, the Debtor ceased operations, terminated its employees, and removed inventory and vacated the Kiosks and most, if not all, of the Stores. Certain personal property, including furniture, fixtures and equipment remain at the Stores and the Headquarters (the "Personal Property").[2]

---

[1] Sales of Links of London® brand jewelry and accessories abroad and online are conducted by certain non-debtor foreign affiliates.

[2] The Trustee understands that security equipment remains at the Stores. The Trustee is advised that the Debtor does not own the security equipment and, therefore, the Trustee is not seeking to abandon it. Landlords may work directly with the security company to have the equipment removed.

**RELIEF REQUESTED**

8.     By this Motion, the Trustee respectfully requests the entry of an order pursuant to sections 105(a), 365(a) and 554 of the Bankruptcy Code, authorizing the (i) rejection of each of the Leases retroactive to the Petition Date and (ii) the abandonment of some or all of the Personal Property.[3]

9.     For the avoidance of doubt, this Motion applies solely to the Leases and does not apply to the License Agreement.

**BASIS FOR RELIEF REQUESTED**

**A.     Rejection of Unexpired Leases**

10.     Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

11.     The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee. *See*, *e.g.*, *National Labor Relations Board v. Bildisco (In re Bildisco)*, 6825 F.2d 72, 79 (3d Cir. 1982). The rejection of an unexpired lease or executory contract is appropriate where rejection of the lease would benefit the estate. *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also*, *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3rd Cir. 2000).

12.     The Trustee submits that there is sound business judgment for the rejection of the Leases. The Trustee has not sought to operate the Debtor's business and the Leases hold no

---

[3] Notwithstanding the foregoing requested relief, the Trustee reserves the right to argue that some or all of the Leases have already expired or terminated, and to object to any rejection damages claims that may be filed. Moreover, one Leases is by and between A/R Retail, LLC and Links of London, **LLC** (the "A/R Lease"). It is unclear whether Links of London, LLC is a separate legal entity from the Debtor (Links of London, Inc.). The Trustee seeks to reject the A/R Lease out of an abundance of caution, but reserves all rights to argue that the Debtor is not a party to the A/R Lease.

material economic value to the Debtor's estate, nor are they necessary to administer this chapter 7 case.

13.     In contrast, rejection of the Leases will eliminate the Trustee's obligation to perform under the Leases pursuant to Section 365(d)(3) of the Bankruptcy Code, and the accrual of any associated administrative expenses.  Accordingly, the Trustee submits that the rejection of the Leases is within his sound business judgment and is in the best interest of the Debtor's estate, creditors and other parties-in-interest.

**B.     Effective Date of Rejection**

14.     Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leased under sections 105(a) and 365(a) of the Bankruptcy Code.  *See, e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

15.     Here, the Trustee seeks rejection of each of the Leases effective as of the Petition Date.  Absent the requested retroactive rejection, there exists the possibility of the Debtor's estate incurring substantial unnecessary post-petition financial obligations under the Leases. Such expenses will not provide any benefit to the estate and will come at the detriment of the Debtor's creditors.  This relief is especially appropriate here where the Debtor removed its inventory and vacated most, if not all, of the Stores prior to the Petition Date.

C.    **Abandonment of Personal Property**

16.    Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. *See*, *In re Contract Research Solutions, Inc.,* 2013 Bankr. LEXIS 1784, *11, (Bankr. D. Del. May 1, 2013).

17.    Upon information and belief, the Personal Property has little or no resale value and the cost of removal exceeds the amount of any potential sale.

18.    The Trustee has determined that it would be more cost-effective to abandon the Personal Property than to transport, store and attempt to sell it.  As a result, the decision to abandon the Personal Property is supported by the Trustee's sound business judgment and is in the best interest of the Debtor's estate, its creditors and other parties-in-interest.  Accordingly, the Trustee seeks authority to abandon some or all of the Personal Property.

**NOTICE**

19.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor; (iii) the non-Debtor counterparties to the Leases (or their counsel, if known); (iv) all parties who assert a known ownership or other interest in the abandoned Personal Property; and (v) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

**NO PRIOR REQUEST**

20.    No prior motion for the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form submitted herewith, authorizing the rejection of the Leases as of the Petition Date, authorizing the abandonment of the Personal Property, and granting such other and further relief as is just and equitable.

Dated:  October 25, 2018

/s/ *Alan M. Root*    .
Alan M. Root (No. 5427)
S. Alexander Faris (No. 6278)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Fax: (302) 777-4352
E-mail: aroot@archerlaw.com

*Proposed Counsel for David W. Carickhoff, Chapter 7 Trustee*