# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> LINKS OF LONDON, INC., <br><br>                 Debtor. | Chapter 7 <br><br> Case No. 18-12365 (CSS) <br><br> **Hearing Date: November 20, 2018 at 1:00 p.m. (ET)** <br> **Objection Deadline: November 13, 2018 at 4:00 p.m. (ET)** |

## APPLICATION OF THE CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING RETENTION OF ARCHER & GREINER, P.C. AS COUNSEL TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO OCTOBER 19, 2018

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estate of Links of London, Inc. (the "Debtor"), hereby files this application (the "Application") pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing him to retain Archer & Greiner, P.C. ("Archer") as counsel to the Trustee effective October 19, 2018. In support hereof, the Trustee relies on the Affidavit of Alan M. Root attached hereto as **Exhibit A** (the "Root Affidavit") and respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

### BACKGROUND

2. On October 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

1

3.  The Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code.

4.  The section 341(a) meeting of creditors is scheduled to be held on November 17, 2018.

5.  The Trustee has decided, subject to this Court's approval, to retain Archer as the Trustee's attorneys in connection with the administration of this chapter 7 case.

### **RETENTION OF ARCHER**

6.  The Trustee believes that there may be assets of the estate requiring liquidation and marshalling. In order for the Trustee to properly perform the functions and duties vested in him by the Bankruptcy Code, it is essential that the Trustee have the expertise and advice of experienced bankruptcy counsel to render the following services to the Trustee:

    (a)  To take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the estate's behalf, the defense of any actions commenced against the estate, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the estate;

    (b)  To marshal and affect an orderly liquidation of the assets of the Debtor's estate under chapter 7 of the Bankruptcy Code;

    (c)  To prepare on behalf of the Debtor's estate all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and liquidation of the estate; and

    (d)  To perform all other necessary legal services in connection with this chapter 7 case.

7.  The Trustee believes that Archer possesses extensive knowledge and expertise in the areas of law relevant to this case and that Archer is well qualified to represent the Trustee as counsel in this case and in any related proceedings. Archer is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings,

particularly with respect to the representation of debtors, creditors' committees, and chapter 7 trustees.

8. Archer maintains a computerized conflict system which contains, *inter alia*, a record of all present and former clients, parties against whom or whose interests Archer has or is representing, other parties involved in or related to matters in which Archer has been or is involved, and all vendors providing goods and/or services to Archer. The parties searched are attached to the Root Affidavit as **Schedule 1**.

9. Based upon the conflict search and records, Archer does not represent and does not hold any interest adverse to the Debtor's estate or its creditors. The Trustee has been advised that Archer has no connection with the Debtor, its creditors or other parties in interest in the case, other than as described in the Root Affidavit filed in conjunction with this Application. Archer is a large firm with a national and regional practice and may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

10. Because of the extensive legal services that may be necessary in this case, and the fact that the nature and extent of such services are not entirely known at this time, the Trustee believes that the employment of Archer as counsel is in the best interests of the Debtor's estate.

11. Archer has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the General Orders of this Court and any Order entered by this Court in this case modifying the timing and/or procedures applicable to the payment of interim compensation and reimbursement of expenses. Archer will bill at its normal hourly rates. The principal attorneys and paralegals designated to represent the Trustee and their current hourly rates are:

| Attorney/Paralegal | Hourly Rate[1] |
|---|---|
| Stephen M. Packman – Attorney | $635.00 |
| David W. Carickhoff – Attorney[2] | $575.00 |
| Alan M. Root – Attorney | $450.00 |
| S. Alexander Faris – Attorney | $285.00 |
| Christian E. Hansen – Paralegal | $205.00 |
| Rosanne E. DellAversano – Legal Assistant | $160.00 |

These hourly rates are subject to periodic increase in the normal course of Archer's business. The particular attorneys and paralegals assigned in this case will from time to time vary based upon the needs of the engagement. All such professionals will bill at Archer's regular hourly rate for similar cases involving work of this nature. These rates are set at a level designed to fairly compensate Archer for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Archer's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, as well as non-ordinary expenses such as delivery charges. Archer will not charge the estate for any secretarial overtime that may be necessary.

WHEREFORE, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing him to retain Archer as counsel to the Trustee in this case, effective as of October 19, 2018, and granting such other and further relief as may be just and proper.

Dated: October 30, 2018

_____
DAVID W. CARICKHOFF
Chapter 7 Trustee

---

[1] These rates reflect an adjustment in rates that became effective on October 1, 2018.

[2] To the extent that David W. Carickhoff performs legal services, as opposed to trustee services, Archer may seek compensation for his services.

4